# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS L. RUSH, | ) | CASE NO. 5: 17 CV 1833 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| DEPARTMENT OF VETERANS AFFAIRS, *et al.*, | ) ) ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Thomas Rush, a United States veteran, has filed a complaint against the Department of Veterans Affairs ("VA") and Disabled American Veterans ("DAV"). (Doc. No. 1.) Although his precise legal claims are unclear, Mr. Rush contends that he was denied compensation for an arrhythmia that he incurred during his military service, and that the DAV and VA failed to properly represent him and/or provide him with appropriate information in connection with his claim for compensation. He seeks damages and to have the VA comply with any Congressional mandate to compensate veterans for arrhythmias.

Even liberally construed, however, Mr. Rush's complaint does not contain a claim for relief over which this Court may exercise jurisdiction. Under the Veterans Judicial Review Act of 1988, federal district courts lack jurisdiction to review decisions relating to veterans' benefits. Congress has reserved authority to review of veterans' benefits decisions with the United States Court of Veterans Appeals or the Court of Appeals for the Federal Circuit. *See Beamon v. Brown*, 125 F.3d 965, 970-71 (6th Cir. 1997); *Newsom v. Dep't of Veterans Affairs*, 8 F. App'x 470, 471 (6th Cir. 2001) ("Congress has vested exclusive jurisdiction over claims regarding veterans benefits with

the Court of Veterans Appeals ("CVA"), and the CVA's decisions are reviewed exclusively by the Court of Appeals for the Federal Circuit.") (citing *Beamon*, 125 F.3d at 970); *Rankin v. Lull*, No. 1:17-cv-485, 2017 WL 4763583, at *3 (W.D. Mich. Oct. 20, 2017) ("The 'text of the [Veterans Judicial Review Act] and this extensive legislative history express Congressional intent to construct an exclusive source or review for veterans benefits claims.'") (quoting *Beamon*, 125 F.3d at 971).

Because Mr. Rush's allegations, in substance, challenge an underlying benefits decision and seeks benefits, he must use the forum provided by Congress for resolving veterans' benefits determinations. This Court lacks subject matter jurisdiction over his claims and, therefore, dismisses this action in accordance with Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: January 11, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**